# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-22-00041-CV

---

**In re Norman Yoes**

---

### ORIGINAL PROCEEDING FROM BANDERA COUNTY

---

### M E M O R A N D U M   O P I N I O N

Relator Norman Wade Yoes, an inmate in the Texas Department of Criminal Justice, filed a pro se petition for writ of mandamus. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52.1. Relator complains that the Bandera County district court has failed to rule on his attorneys' motion to withdraw.

As an intermediate appellate court, we may issue writs of mandamus against a district judge or county judge only sitting in our district, or to enforce our jurisdiction. *See* Tex. Gov't Code § 22.221. We lack jurisdiction to issue the requested writ against the respondent, listed as the 198th District Court of Bandera County, because this Court neither has jurisdiction over the district courts of Bandera County nor is such a writ necessary to enforce this Court's appellate jurisdiction. *See* Tex. Gov't Code § 22.221(a), (b)(1); *see also* Tex. Gov't Code § 22.201(d) (listing the counties composing the Third Court of Appeal District). The Fourth Court of Appeals in San Antonio has jurisdiction over Bandera County district courts. *See*

Tex. Gov't Code § 22.201(e), 22.205(a). Accordingly, we dismiss Relator's petition for want of jurisdiction.

Relator also presented a motion for leave to file his petition for writ of mandamus. Leave is not required to file a petition for writ of mandamus in the court of appeals, but only in the Court of Criminal Appeals. *See* Tex. R. App. P. 52 Notes and Comments, 72.1. Relator's motion for leave to file a writ of mandamus is dismissed as moot.

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Kelly and Smith

Filed: February 1, 2022